IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALVARO MELGAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Now comes the Plaintiff, ALVARO MELGAR ("MELGAR" or "Plaintiff"), by his attorneys, DEBOFSKY SHERMAN CASCIARI REYNOLDS P.C., and complaining against the Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA ("Defendant" or "LINA"), states as follows:

**JURISDICTION**

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA §§ 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, involves a long-term disability ("LTD") group insurance policy underwritten and administered by LINA for the benefit of employees of CDW Corporation.

2. This action may be brought before the district court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

3. The ERISA statute provides, at ERISA § 503 (29 U.S.C. § 1133), a mechanism for administrative or internal appeals of benefit denials and terminations. Those avenues of appeal have been exhausted.

## VENUE

4. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because Plaintiff resides in this District.

5. Venue is also proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## NATURE OF ACTION

6. Plaintiff seeks payment of LTD benefits due under a LTD group policy of insurance, group policy number FLK-0980160 ("Policy") (a true and correct copy of the A is attached hereto and by that reference incorporated herein as "Exhibit A"). The Policy is sponsored by CDW Corporation and underwritten and administered by LINA to provide monthly insurance benefits to disabled CDW Corporation employees. This action is brought as a claim for benefits pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). Plaintiff also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

## PARTIES

7. At all times relevant hereto, Plaintiff was a resident of Chicago, Cook County, Illinois; and the events or omissions relevant to Plaintiff's claim for disability benefits took place within the Northern District of Illinois.

8. At all times relevant hereto, the Policy constituted an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)), and incident to his employment with

2

CDW Corporation Plaintiff received coverage under the Policy as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

9. At all times relevant hereto, LINA was the underwriter and administrator of the Policy and was doing business within the Northern District of Illinois.

## RELEVANT POLICY PROVISIONS

10. The Policy provides for payment of monthly disability benefits for participants that meet the following definition of disability:

*Definition of Disability/Disabled*

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

1. unable to perform the material duties of his or her Regular Occupation; or

2. unable to earn 80% or more of his or her Indexed Covered Earnings from working in his or her Regular Occupation

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:

1. unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or

2. unable to earn 50% or more of his or her Indexed Covered Earnings.

Ex. A, at 4.

## STATEMENT OF FACTS

11. Plaintiff was last employed by CDW Corporation as a full-time Level 2 Technician.

12. Plaintiff ceased working on January 20, 2018 due to severe, disabling impairment of his cervical and lumbar spine and chronic headaches.

13. Plaintiff has remained unable to return to work in any capacity since he ceased working on January 20, 2018.

3

14. Shortly after ceasing work, Plaintiff timely submitted a claim for LTD benefits to LINA.

15. On December 13, 2018, LINA approved Plaintiff's benefit claim and began paying LTD benefits beginning April 20, 2018 in the amount of $2,113 per month.

16. LINA continued to approve and pay Plaintiff's disability benefit claim throughout the Policy's 24-month own occupation period of disability.

17. Despite the absence of any material improvement in Plaintiff's medical condition, on March 19, 2020, Defendant notified Plaintiff that it determined he no longer qualified for disability benefits beyond April 20, 2020 and was terminating his LTD benefits on that date.

18. On or about September 9, 2020, Plaintiff submitted an appeal of his LTD termination. Included in support of his appeal were the examination findings and accompanying restrictions and limitations provided by Dr. Gerald Cicero.

19. On June 23, 2021, Defendant notified Plaintiff that it was upholding its prior termination of his LTD benefits.

20. Defendant's decision was based exclusively on the results of a biased and deficient file review performed by a physician who never examined Plaintiff. The review was cursory, overlooked and ignored critical evidence, and were structured to cherry-pick only the evidence that favored the termination of benefits while ignoring the overwhelming contrary evidence.

21. Defendant's claim appeal process was biased and self-serving and placed financial considerations ahead of an objective and fair claim evaluation.

22. Defendant failed to meet its fiduciary obligations under ERISA to ensure an accurate claim decision and to apply "higher-than-marketplace quality standards" as required by the United States Supreme Court in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115, 128 S. Ct.

4

2343, 2350 (2008); and to provide Plaintiff with a "full and fair review" as required by ERISA § 503 (29 U.S.C. § 1133) and 29 C.F.R. § 2560.503-1.

23. The evidence submitted to Defendant establishes that Plaintiff has been continuously unable to return to work since April 20, 2020 and has thus met and continues to meet the Policy's definition of disability since that date. Plaintiff is therefore entitled to receive all LTD benefits due from April 20, 2020 to the present with interest.

24. All required pre-litigation appeals seeking the payment of LTD benefits have now been exhausted and this matter is ripe for judicial review.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay all past due LTD benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B));

B. That the Court order Defendant to pay Plaintiff prejudgment interest on all LTD benefits that have accrued prior to the date of judgment at an appropriate rate pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) or ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3));

C. That the Court order Defendant to continue to pay Plaintiff LTD benefits so long as he continues to meet the Policy's terms and conditions;

D. That the Court award Plaintiff attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. That the Court award Plaintiff all other penalties, damages, and equitable relief to which he may be entitled.

Dated: August 10, 2021       Respectfully submitted,

/s/ *William Reynolds*
William Reynolds
One of the Attorneys for Plaintiff
Alvaro Melgar

William Reynolds
DeBofsky Sherman Casciari Reynolds, P.C.
150 North Wacker Drive, Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309